*If this opinion indicates that it is "FOR PUBLICATION," it is subject to
revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

FOOD TOWN DRUGS,

UNPUBLISHED
August 11, 2022

Appellant,

v

No. 356651
Ingham Circuit Court
LC No. 19-000719-AA

DEPARTMENT OF HEALTH AND HUMAN
SERVICES,

Appellee.

Before: SWARTZLE, P.J., and RONAYNE KRAUSE and GARRETT, JJ.

PER CURIAM.

The Department of Health and Human Services made Medicaid payments to Food Town Drugs, a pharmacy. The Department later conducted an audit and determined that it overpaid Food Town. Food Town contested the Department's decision, but an administrative law judge sided with the Department, concluding in a proposal for decision that Food Town must reimburse the Department for the Medicaid overpayments. Food Town did not file an exception to the proposal for decision and the Department's director adopted the proposal for decision without elaboration. The proposal for decision was entered before the director reviewed the record for this case.

Food Town appealed the director's decision to the circuit court. The circuit court upheld the director's decision and dismissed Food Town's appeal, although it concluded that Food Town was not required to file an exception to the ALJ's proposal for decision. This appeal followed, by leave granted. *Food Town Drugs v Dep't of Health and Human Servs*, unpublished order of the Court of Appeals, entered June 23, 2021 (Docket No. 356651). Since that time, this Court decided *ER Drugs v Dep't of Health and Human Servs*, ___ Mich App ___, ___; ___ NW2d ___ (2022) (Docket No. 355108), lv den ___ Mich ___; ___ NW2d ___ (2022) (Docket No. 164340). In *ER Drugs*, this Court concluded that the appellant pharmacy challenging an ALJ's proposal for decision regarding Medicaid overpayments was required to file an exception to that decision in order to challenge the Department's ultimate decision in court. *Id*. at 2-4. Because the pharmacy in *ER Drugs* failed to do so, this Court affirmed the trial court's dismissal of the pharmacy's appeal on that basis alone (although the *ER Drugs* Court did address other issues "for the sake of completeness"). *Id*. at 4. Our Supreme Court denied the application for leave to appeal this Court's

decision in *ER Drugs*. *ER Drugs v Dep't of Health and Human Servs*, ___ Mich ___; ___ NW2d ___ (2022) (Docket No. 164340).

This case presents the exact same issue as in *ER Drugs*. Food Town did not file an exception to the proposal for decision. Because it failed to do so, it could not challenge the Department's final decision in circuit court. Although the trial court did not dismiss Food Town's appeal on this basis, it nevertheless reached the right result so we affirm its order dismissing Food Town's appeal. See *Forest Hills Co-operative v City of Ann Arbor*, 305 Mich App 572, 615; 854 NW2d 172 (2014). Given that *ER Drugs* dictates the result in this case, we find if unnecessary to address the remaining issues raised on appeal.

Affirmed. The Department, as the prevailing party, may tax costs under MCR 7.219.

/s/ Brock A. Swartzle
/s/ Amy Ronayne Krause
/s/ Kristina Robinson Garrett